UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **OLIVIA CARTER** | **CIV. ACTION NO. 3:22-01738** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **OCHSNER L S U HEALTH SYSTEM OF NORTH LOUISIANA, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 9], filed by Defendants BRFHH Monroe, L.L.C. and Ochsner LSU Health System of North Louisiana.

For reasons assigned below, the undersigned finds that the court lacks subject matter jurisdiction to hear the case, and, therefore, it is recommended that the matter be remanded to state court. Considering the lack of subject matter jurisdiction, it is further recommended that the motion to dismiss be denied without prejudice.

## Background

On February 11, 2022, Olivia Carter ("Carter") filed the instant petition for damages, individually, and on behalf of the minor child, K.L.M., against Defendant Ochsner LSU Health – Monroe ("Ochsner"). (Petition). Carter alleged that on January 8, 2021, a former Ochsner employee published a photo and some confidential medical information concerning Octavia Taylor, Carter's now-deceased daughter and mother of K.L.M, on social media, i.e., Facebook, in violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, §§ 261-264, 110 Stat.1936 (1996), 42 U.S.C. § 1320d, *et seq*. *Id*.

Carter contends that Ochsner was "negligent in the manner in which it operated and

handled Octavia Taylor's medical information by violating HIPAA and Octavia Taylor's right to privacy." *Id*. Because of the unauthorized disclosure of Octavia Taylor's medical information, Carter and K.L.M. seek to recover damages from Ochsner, plus costs, reasonable attorney's fees, and interest. *Id*. On May 12, 2022, Carter amended the petition to substitute/join Defendants "BRFHH Monroe, L.L.C." and "Ocsner [sic] LSU Health System of North Louisiana, d/b/a Ochsner LSU Health Monroe[,]" in lieu of Ochsner. (1st Amend. & Suppl. Petition).

On June 20, 2022, BRFHH Monroe, L.L.C. and Ochsner LSU Health System of North Louisiana (collectively, "LSU Health") removed this case to federal court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, because Carter "seeks recovery for damages allegedly for violations of [HIPAA] and her right to privacy." (Notice of Removal). On September 8, 2022, LSU Health filed a Rule 12(b)(6) motion to dismiss Carter's suit as premature because LSU Health is a qualified health care provider under the Louisiana Medical Malpractice Act and Carter failed to present her claims to a medical review panel before filing suit. (M/Dismiss [doc. # 9]).

On October 12, 2022, the court reviewed the record and noted that HIPAA does not include a private cause of action and, thus, does not confer federal subject matter jurisdiction. (Oct. 11, 2022 Order [doc. # 12]) (citing *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006), and *Graves v. Health Exp., Inc.*, Civ. Action No. 09-0277, 2009 WL 2835778, at *2 (W.D. La. Aug. 31, 2009)). In short, the court questioned the presence of federal subject matter jurisdiction in the case. *Id*. Therefore, the undersigned directed LSU Health to file a brief that addressed the court's jurisdictional concerns and afforded Carter an opportunity to file a response brief, if warranted. *Id*. Finally, the court deferred consideration of the motion to dismiss until such

time as the court ensured subject matter jurisdiction. *Id*.

On November 2, 2022, LSU Health filed a brief in support of subject matter jurisdiction. [doc. # 15]. Carter did not file a response. Accordingly, the matter is ripe.

### Discussion

**I.     Jurisdiction**

As a court of limited jurisdiction, federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). A suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Howery,* 243 F.3d at 916. Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). A court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal law authorizes the defendant(s) to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). In this case, LSU Health invoked federal subject matter jurisdiction solely on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Notice of Removal.

To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff alleged (1) a federal claim; (2) a state cause of action that Congress has

3

transformed into an inherently federal claim by completely preempting the field; (3) a state law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive relief from state regulation on the basis that such regulation is preempted by a federal statute. *Marren v. Stout*, Civ. Action No. 12-0631, 2013 WL 1117539, *3 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

In its brief, LSU Health argues that the court has federal question jurisdiction because Carter's right to recovery requires resolution of a substantial, disputed question of federal law, i.e., whether the actions of any LSU Health employee constituted a HIPAA privacy breach.

As an initial matter, there is no private cause of action under HIPAA, and, therefore, an alleged violation of HIPAA does not confer subject matter jurisdiction in federal court. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Therefore, to recover on her suit for damages, Carter necessarily must proceed under state law.

Nonetheless, a cause of action that is created by state law still may "arise under" the laws of the United States if the well-pleaded complaint establishes that plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13, 103 S.Ct. 2841, 2848 (1983). In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, the Supreme Court observed that "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently

4

'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235 (1983).

While seemingly conclusive, the Supreme Court later explained that "*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 318, 125 S.Ct. 2363, 2370 (2005). Instead, the Court restated the inquiry as, "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. Importantly, it "takes more than a federal element to open the 'arising under' door." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 126 S.Ct. 2121 (2006) (citation omitted).

In the aftermath of *Grable*, the Fifth Circuit articulated four requirements that must be met before a federal issue embedded in a state law cause of action will confer federal question jurisdiction: "(1) resolving [the] federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). "Where all four of these requirements are met . . . jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn v. Minton*, 568 U.S. 251, 258; 133 S.Ct. 1059, 1065 (2013) (citation and internal quotation marks omitted).

5

The court will address the *Grable* requirements, in turn.[1]

First, LSU Health asserts that Carter cannot recover in this action without proving that LSU Health committed an actual HIPAA violation. The undersigned disagrees. Under Louisiana law, the tort of invasion of privacy protects against several types of actionable conduct, including the "unreasonable public disclosure of embarrassing private facts." *Hills v. Tangipahoa Par. Sch. Sys.*, Civ. Action No. 19-0005, 2020 WL 2951027, at *2 (E.D. La. June 3, 2020) (citing *Juge v. Springfield Wellness, L.L.C.*, 274 So. 3d 1, 8 (La. App. 1st Cir. 2019)). Long before HIPAA's 1996 enactment, Louisiana has recognized a cause of action for invasion of privacy against a medical provider for the unauthorized disclosure of the patient's physical condition. *See Glenn v. Kerlin*, 248 So.2d 834 (La. App. 2nd Cir. 1971); *Williams v. Sistrunk*, 417 So.2d 14 (La. App. 4th Cir. 1982); *see also Doe v. Smith*, 913 So.2d 140, 142 (La. App. 4th Cir. 2005) (patient stated claim for relief against medical provider for breaching duty owed to patient by negligently disposing of medical records in a parking lot); *State v. Skinner*, 10 So.3d 1212, 1218–19 (La. 2009) (reasonable expectation of privacy in prescription and medical records); La. R. S. § 13:3734 (communications privilege between health care provider and patient).

Second, LSU Health asserts that the parties dispute whether there was a breach of HIPAA's confidentiality provisions. As noted by LSU Health, however, Carter attached a February 10, 2021 letter to her complaint wherein LSU Health admitted that, "[t]hough our

---

[1] This is not the first time that this Court's Monroe Division has had occasion to apply the foregoing requirements to a case removed to federal court by the Pettiette, Armand firm, on the basis of an alleged HIPAA violation. *See Graves, supra*. Consequently, the court does not write on a clean slate and will freely incorporate pertinent provisions of the prior decision.

investigation into these privacy concerns was inconclusive, **we nevertheless have determined that the incident amounts to a HIPAA privacy breach**, as we could not definitively rule out that the photo and information shared by your relative may have come from a source within Ochsner." (Feb. 10, 2021 Letter from Ochsner Health to O. Carter; Petition, Exh. [doc. # 1-3]) (emphasis added). In other words, while LSU Health was unable to determine whether one of its employees was responsible for the unauthorized disclosure, *if* an employee was involved, *then* the incident amounted to a HIPAA breach. In short, there is no disputed federal issue.

Third, even if the parties actually disputed whether the challenged conduct violated HIPAA, district courts, including this one, consistently hold that this does not present a substantial federal issue. *Graves,* 2009 WL 2835778 at *3; *Akins v. Liberty Cnty., Texas*, Civ. Action No. 10-0328, 2011 WL 676954, at *5 (E.D. Tex. Feb. 15, 2011) ("the privacy standards imposed by HIPAA are not uniquely federal and do not raise any issue of great federal interest.") (collecting cases); *I.S. v. Washington Univ.*, Civ. Action No. 11-235, 2011 WL 2433585, at *5 (E.D. Mo. June 14, 2011) ("negligence per se" claim premised upon HIPAA violation does not raise any compelling federal interest nor is a substantial federal question presented); *Furzland v. Baumli*, Civ. Action No. 22-1131, 2022 WL 2918984, at *3 (D. Minn. July 25, 2022) (although HIPAA safeguards important privacy interests, cases concerning violations of these safeguards do not implicate a national interest); *Dickman v. MultiCare Health Sys.*, Civ. Action No. 15-5193, 2015 WL 3477178, at *3 (W.D. Wash. June 2, 2015) (rejecting defendants' argument that state court resolution of state law claims based on alleged HIPAA violations will result in "a myriad of state court rulings."); *Klein v. Aicher*, Civ. Action No. 19-9172, 2020 WL 4194823, at *4 (S.D.N.Y. July 21, 2020) (application of HIPAA standard to determine whether defendant

unlawfully accessed plaintiff's medical records does not have broad consequences to the federal system or the nation as a whole).

Finally, LSU Health asserts that the exercise of federal jurisdiction in this case will not upset the balance of federal and state judicial responsibilities. However, in its motion to dismiss, LSU Health argued that Carter's claim constitutes "malpractice" under the Louisiana Medical Malpractice Act. *See* M/Dismiss. In effect, LSU Health is seeking to federalize what it believes is a state law medical malpractice claim, simply because the claim tangentially implicates a federal statute. In *Singh*, the Fifth Circuit declined to exercise subject matter jurisdiction over a state law legal malpractice claim that implicated federal patent law because that would mean that "federal jurisdiction could extend to every instance in which a lawyer commits alleged malpractice during the litigation of a federal claim." *Singh,* 538 F.3d at 340.

While LSU Health downplays the frequency of state law medical malpractice claims that implicate HIPAA violations, the court envisions that there exists an untold number of federal healthcare regulations that could relate to a medical malpractice claim and ,under LSU Health's rationale, would support the exercise of federal jurisdiction. Of course, that would result in a drastic usurpation of state authority in an area in which states traditionally have presided. *See id.* at 340-41. Such is not permitted.

In sum, LSU Health has failed to establish the stringent and limited circumstances whereby a federal court may exercise federal question jurisdiction as a result of a federal issue embedded within a state law cause of action. *Graves,* 2009 WL 2835778 at *3.

**II.      Motion to Dismiss**

In the absence of subject matter jurisdiction, the court cannot reach LSU Health's Rule

12(b)(6) motion. Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd., supra*; (citation and internal quotation marks omitted).

## Conclusion

For the reasons explained above, the court finds that Carter's petition, as amended, does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Accordingly, the court lacks federal subject matter jurisdiction and remand is required. 28 U.S.C. § 1447(c).

IT IS RECOMMENDED that the matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, from whence it was removed. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that LSU Health's motion to dismiss [doc. 9] be DENIED WITHOUT PREJUDICE to LSU Health's right to re-file the substance of the motion following remand, as warranted, in accordance with Louisiana procedural law and devices.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and**

**recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

    In Chambers, at Monroe, Louisiana, on this 5th day of January, 2023.

                                                      KAYLA DYE MCCLUSKY
                                                      UNITED STATES MAGISTRATE JUDGE